UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ADDISON THOMPSON,

              Plaintiff,

    -v-

UNITED STATES OF AMERICA and UNITED
STATES POSTAL SERVICE,

             Defendants.
------------------------------------------------------------ x

Case No. 17 Civ. 5017 (KPF)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-3274
Fax: (212) 637-2786
E-mail: rachael.doud@usdoj.gov

RACHAEL L. DOUD
Assistant United States Attorney
– Of Counsel –

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ..........................................................................................................................2

ARGUMENT.................................................................................................................................3

    I.      LEGAL STANDARD........................................................................................3

    II.     PLAINTIFF'S CLAIMS SHOULD BE DISMISSED ...........................................4

          A.     Plaintiff Fails to Establish the Court's Subject Matter Jurisdiction.............4

          B.     Plaintiff Fails to State a Claim for Relief.......................................................7

CONCLUSION..............................................................................................................................10

# TABLE OF AUTHORITIES

**CASES**  Page(s)

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ................................................................................................ 3-4

*Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*,
 461 U.S. 273 (1983) ..................................................................................................... 4

*Board of Managers of Soho Int'l Arts Condo. v. City of New York*,
 No. 01 Civ. 1226, 2003 WL 21403333 (S.D.N.Y. June 17, 2003) ............................. 9

*Carter v. Helmsley-Spear, Inc.*,
 861 F. Supp. 303 (S.D.N.Y. 1994) .............................................................................. 8

*FDIC v. Meyer*,
 510 U.S. 471 (1994) ................................................................................................. 4, 7

*First Nationwide Bank v. Gelt Funding Corp.*,
 27 F.3d 763 (2d Cir. 1994) .......................................................................................... 4

*Glover v. United States*,
 111 F. Supp. 2d 190 (E.D.N.Y. 2000) ........................................................................ 6

*Kammeyer v. United States Army Corps of Engineers*,
 No. 15 Civ. 869, 2015 WL 12765463 (C.D. Cal. Oct. 9, 2015) ................................. 6

*Makarova v. United States*,
 201 F.3d 110 (2d Cir. 2000) ........................................................................................ 3

*McPherson v. Coombe*,
 174 F.3d 276 (2d Cir. 1999) ........................................................................................ 3

*Mohamed v. FBI,*
 No. 14 Civ. 7615, 2015 WL 6437369 (S.D.N.Y. Oct. 21, 2015) ................................ 7

*Morrison v. Nat'l Austl. Bank Ltd.*,
 547 F.3d 167 (2d Cir. 2008) ........................................................................................ 3

*Norton v. S. Utah Wilderness Alliance*,
 542 U.S. 55 (2004) ....................................................................................................... 5

*Philips v. Pembroke Real Estate, Inc.*,
 459 F.3d 128 (1st Cir. 2006) ....................................................................................... 9

*S.E.C. v. Rorech*,
    673 F. Supp. 2d 217, 221 (S.D.N.Y. 2009) ....................................................................... 3

*United States v. Mitchell*,
    463 U.S. 206 (1983) .......................................................................................................... 4

*United States v. Orleans*,
    425 U.S. 807 (1976) .......................................................................................................... 6

*United States v. Vazquez*,
    145 F.3d 74 (2d Cir. 1998) ................................................................................................ 3

## STATUTES

Visual Artists Rights Act of 1990,
    17 U.S.C. § 106A ..................................................................................................... *passim*

5 U.S.C. § 702 ................................................................................................................................ 5

5 U.S.C. § 706 ................................................................................................................................ 5

17 U.S.C. § 507(b) ......................................................................................................................... 4

28 U.S.C. § 1346(b)(1) .................................................................................................................. 6

28 U.S.C. § 1498(b) ....................................................................................................................... 4

28 U.S.C. § 2401(b) ....................................................................................................................... 7

28 U.S.C. § 2675(a) ....................................................................................................................... 6

39 U.S.C. § 410(a) ......................................................................................................................... 5

## RULES

Federal Rule of Civil Procedure 12(b)(1) ................................................................................ 2, 3

Federal Rule of Civil Procedure Rule 12(b)(6) ..................................................................... 2, 3, 9

# PRELIMINARY STATEMENT

Plaintiff Addison Thompson ("Plaintiff"), proceeding pro se, brings this action against Defendants United States of America and United States Postal Service (the "USPS") (collectively, "Defendants"), alleging that the USPS removed and caused the destruction of certain photographic murals created by Plaintiff that were installed at the Peter Stuyvesant Post Office in Manhattan. Plaintiff seeks an order permitting him to recreate the works at the Peter Cooper Post Office. Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction and failure to state a claim.

Plaintiff brings what he terms a "complaint against removal and destruction" of his murals, which he contends violated his rights under the Visual Artists Rights Act, 17 U.S.C. § 106A ("VARA"). VARA contains no waiver of sovereign immunity that would permit Plaintiff to sue the United States or its agencies, however, and Plaintiff has not identified any other statute that supplies a waiver in this context. The Court therefore lacks subject matter jurisdiction over Plaintiff's complaint. Even if the Court construes the complaint liberally to assert claims under the Administrative Procedure Act ("APA") or Federal Tort Claims Act ("FTCA"), the Court would still lack subject matter jurisdiction. Assuming, for the sake of argument, that the APA's waiver of sovereign immunity could apply to suits under VARA, the APA's review provisions do not apply to the USPS, and the remedy Plaintiff seeks is unavailable under the APA. Plaintiff also could not bring suit pursuant to the Federal Tort Claims Act ("FTCA"), because that statute only authorizes suits for damages, which Plaintiff does not appear to seek, and would at any rate require Plaintiff to have exhausted his administrative remedies, which he has not done and is now time-barred from doing. Accordingly, the Court lacks jurisdiction over Plaintiff's claims, whether construed as claims under VARA, the APA or the FTCA. Finally, Plaintiff's claims fail for the additional reason that he fails to plausibly

allege that Defendants violated VARA, and VARA would not, at any rate, provide the relief he seeks. Accordingly, Plaintiff's complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## BACKGROUND

Plaintiff alleges that, in 2008 and 2010 respectively, the USPS gave him permission to "create[], donate[] and install[]" the parts of a "two part 9/11 memorial photographic composition mural project" at the Peter Cooper and Peter Stuyvesant Post Offices. Compl. at 1. Plaintiff alleges that in 2011, the Peter Stuyvesant Post Office was "moved to a smaller customer service center," and in 2013, the portion of Plaintiff's mural project that was installed at the Peter Stuyvesant Post Office was "ripped off the walls." *Id.* at 2-3. Plaintiff alleges that "[t]he murals were not wrapped to protect their fragile photographic surfaces," they were "dumped into cloth postal service carts," and they "wound up . . . in the basement by the garbage." *Id.* at 3. Plaintiff alleges that the USPS did not contact him prior to or upon removing the murals, despite the fact that Plaintiff's "name was on gallery labels on the wall" and the branch manager "had obtained the artists' contact information through the permission process." *Id.*

Plaintiff alleges that he attempted to contact the USPS before and after the murals were removed. First, in response to a notice posted at the Peter Stuyvesant Post Office in 2011, Plaintiff wrote two letters to the "East Coast facilities manager," but received no response. Compl. at 2-3. In 2014, Plaintiff "wrote to the 23rd Street Station and requested permission to recreate the murals or create new murals . . . for the service center," but his "request was denied." *Id.* at 3. Plaintiff was at that point "invited to recover his murals" from the basement, but "panels of the work were missing" and "all of the remaining panels were damaged on the front and torn on the back," so Plaintiff "refused to accept" them. *Id.* "In 2015 and through 2016, Plaintiff corresponded with the USPS through his account on USPS.gov," and "agreed to

contact the 23rd Street Station to resolve this matter, after Xmas Season 2016, because they were busy." *Id.* at 4. Plaintiff then "reinitiated contact in January 2017 and got no response." *Id.*

Plaintiff alleges that the "action" of destroying his murals "was taken, in violation of the artist['s] rights, under VARA," and "asks for reasonable costs and artist's fees; to recreate the mural project and consolidate the two parts of the project at Peter Cooper USPS." Compl. at 4.

## ARGUMENT

### I. LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted). In considering a motion to dismiss pursuant to Rule 12(b)(1), the Court "generally must accept the material factual allegations in the complaint as true," but "does not . . . draw all reasonable inferences in the plaintiff's favor." *S.E.C. v. Rorech*, 673 F. Supp. 2d 217, 221 (S.D.N.Y. 2009). In assessing its jurisdiction, the Court may consider evidence outside of the pleadings. *United States v. Vazquez*, 145 F.3d 74, 80 (2d Cir. 1998).

On a Rule 12(b)(6) motion, the Court must accept all well-pleaded allegations contained in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Courts must "read the pleadings of a *pro se* plaintiff liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (citation and internal quotation marks omitted). However, every plaintiff must plead "enough facts to state a claim to relief that is

3

plausible on its face." *Twombly*, 550 U.S. at 570.  Mere "conclusions of law or unwarranted deductions of fact" need not be accepted as true.  *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994) (citation and internal quotation marks omitted).

## II. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED

While the nature of Plaintiff's claims is somewhat unclear, he appears to attempt to bring suit under VARA.  VARA provides, in relevant part, that "the author of a work of visual art . . . shall have the right:

> (A) to prevent any intentional distortion, mutilation, or other modification of that work which would be prejudicial to his or her honor or reputation, and any intentional distortion, mutilation, or modification of that work is a violation of that right, and
>
> (B) to prevent any destruction of a work of recognized stature, and any intentional or grossly negligent destruction of that work is a violation of that right.

17 U.S.C. § 106A(a)(3).  Plaintiff's claim under VARA fails as a matter of law.

### A. Plaintiff Fails to Establish the Court's Subject Matter Jurisdiction

Because "the United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction," *United States v. Mitchell*, 463 U.S. 206, 212 (1983), Plaintiff cannot bring suit against the Defendants pursuant to VARA in the absence of an express waiver of the United States' sovereign immunity.  *See Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 280 (1983).  VARA contains no such waiver.[1]  Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's complaint.  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

---

[1] By contrast, the United States has waived sovereign immunity for purposes of suits alleging copyright infringement under Title 17.  *See* 28 U.S.C. § 1498(b).  Here, Plaintiff has not alleged a copyright violation, but even if he had, the exclusive venue for such claims is in the Court of Federal Claims; the exclusive remedy is damages; and claims must be brought within three years of when they accrued, 17 U.S.C. § 507(b), a time period that has already lapsed in Plaintiff's case.

4

Interpreting the Complaint liberally as attempting to assert claims under the APA or FTCA would not cure its jurisdictional deficiencies. While the APA waives sovereign immunity for certain purposes by authorizing a "person suffering legal wrong because of agency action" to seek injunctive relief in a suit against the United States, 5 U.S.C. § 702, the APA is inapplicable because Plaintiff challenges the actions of the USPS, which is exempt from the APA's review provisions. *See* 39 U.S.C. § 410(a) (with exceptions not relevant here, "no federal law . . . including the provisions of chapters 5 and 7 of title 5 [the APA], shall apply to the exercise of the powers of the Postal Service").

At any rate, the APA authorizes only two forms of relief: the court may (1) "compel agency action unlawfully withheld or unreasonably delayed," or (2) "hold unlawful and set aside agency actions" that are, *inter alia*, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706. Here, where Plaintiff alleges that his murals have already been destroyed, there is no agency action to be "set aside" pursuant to Section 706(2). Instead, Plaintiff asks the Court for an order compelling the USPS to allow Plaintiff to recreate his murals—which had been on display at the Peter Stuyvesant Post Office—at the Peter Cooper Post Office. But "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphasis in original). Plaintiff has cited no support for the proposition that the USPS has a legal obligation to permit him to install murals at a post office, and the APA thus could not provide Plaintiff the remedy he seeks, even if he could

proceed under that statute.[2]

Nor can Plaintiff pursue a claim under the FTCA. The FTCA "is a limited waiver of sovereign immunity," *United States v. Orleans*, 425 U.S. 807, 813 (1976), which permits "claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death" resulting from torts of federal employees acting within the scope of their employment, 28 U.S.C. § 1346(b)(1). Because Plaintiff seeks an order compelling the USPS to allow him to recreate and install his murals, and the FTCA only authorizes suits for damages, it cannot provide the remedy Plaintiff seeks.

Further, before instituting suit under the FTCA, a claimant must "have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing," or the agency must have failed to dispose of a claim within six months after it is filed. 28 U.S.C. § 2675(a). The presentment requirement is a jurisdictional prerequisite to suit under the FTCA, and is "strictly construed." *Glover v. United States*, 111 F. Supp. 2d 190, 192 (E.D.N.Y. 2000). As set forth in the accompanying declaration of Kimberly A. Herbst, dated September 30, 2017, Plaintiff has not filed an administrative tort claim regarding the

---

[2] *Compare Kammeyer v. United States Army Corps of Engineers*, No. 15 Civ. 869, 2015 WL 12765463, at *3-4 (C.D. Cal. Oct. 9, 2015) (holding that the APA provided a waiver of sovereign immunity that could potentially apply to the plaintiff's VARA claim, where plaintiff sought an injunction to prevent the Army Corps of Engineers from destroying a mural he created).

allegations in his Complaint.³  Therefore, Plaintiff has failed to meet the FTCA's presentment requirement, and any FTCA claim would have to be dismissed for lack of subject matter jurisdiction.  *See Mohamed*, 2015 WL 6437369, at *6 (citations omitted).

Additionally, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."  28 U.S.C. § 2401(b).  As Plaintiff alleges that his murals were destroyed in 2013, *see* Compl. at 3—more than two years ago—any such claim would now be time-barred.

In the absence of any waiver of sovereign immunity applicable to Plaintiff's claims against the United States, those claims must be dismissed for lack of jurisdiction.  *See Meyer*, 510 U.S. at 475.

### B.     Plaintiff Fails to State a Claim for Relief

Plaintiff's claims under VARA also fail to state a claim for relief because he does not plausibly allege that Defendants violated his rights either:  "(A) to prevent any intentional distortion, mutilation, or other modification of that work which would be prejudicial to his or her honor or reputation, and any intentional distortion, mutilation, or modification of that work is a violation of that right," or "(B) to prevent any destruction of a work of recognized stature, and

---

³ While Plaintiff alleges that in 2014 he "wrote to the 23rd Street Station and requested permission to recreate the murals or create new murals," and that in 2015 and 2016 he "corresponded with the USPS through his account on USPS.gov," *id.* at 3-4, these communications do not constitute presentation of a claim under the FTCA.  *See Mohamed v. FBI*, No. 14 Civ. 7615, 2015 WL 6437369, at *6 (S.D.N.Y. Oct. 21, 2015) (observing that letters to an agency that "do not contain a demand for money damages in a sum certain do not constitute presentation of a claim under the FTCA," and holding that plaintiff failed to exhaust his administrative remedies where his letters to the Government "fail[ed] to state a sum certain . . . [and] fail[ed] to actually assert any tort claim against the Government," and thus "[a]t best, . . . could be construed to provide notice of a contract claim" (citation and internal quotation marks omitted)).

any intentional or grossly negligent destruction of that work is a violation of that right." 17 U.S.C. § 106A(a)(3).

With regard to the first provision, Plaintiff does not allege that Defendants "distort[ed], mutilate[ed], or . . . modifi[ed]" his work, that they did so in a way that would be "prejudicial to his . . . honor or reputation," or that they did so intentionally. *Compare Carter v. Helmsley-Spear, Inc.*, 861 F. Supp. 303, 323-24 (S.D.N.Y. 1994) (where plaintiffs sought injunction preventing building owner from taking action to alter art work installed in lobby, noting that "[t]he purpose of 17 U.S.C. § 106A(a)(3)(A) is to protect artists' integrity by forbidding alteration of works of visual art if such alteration would be prejudicial to the artists' honor or reputation," and crediting testimony that "plaintiffs' honor and reputation in the artistic community would be damaged if the Work is modified because the Work would then present to viewers an artistic vision materially different from that intended by plaintiffs"), *rev'd in part on other grounds*, 71 F.3d 77 (2d Cir. 1995). With regard to the second provision, Plaintiff does not allege that his murals are "a work of recognized stature," or that Defendants were grossly negligent in removing and storing them. *See id.* at 325 ("[F]or a work of visual art to be protected under this Section, a plaintiff must make a two-tiered showing: (1) that the visual art in question has 'stature,' *i.e.* is viewed as meritorious, and (2) that this stature is 'recognized' by art experts, other members of the artistic community, or by some cross-section of society.").

Further, Plaintiff has made clear that his concern is not that the existing copies of the murals have purportedly been destroyed, because he "ha[s] the original negatives" and "can just reprint them." Tr. of Nov. 15, 2017 Conference (Dkt. No. 17) at 5. Instead, Plaintiff's claim is that, without being able to display the murals that had been displayed at the Peter Stuyvesant Post Office, "Plaintiff's mural project fails to communicate the artists' intention to memorialize

8

9/11 without actual images of the event." Compl. at 3. While VARA protects, under certain circumstances, an author's right to prevent the destruction of a particular work of art, it does not create a right to display the work in a particular location. *See Bd. of Managers of Soho Int'l Arts Condo. v. City of New York*, No. 01 Civ. 1226, 2003 WL 21403333, at *10 (S.D.N.Y. June 17, 2003) (the point of VARA "is not . . . to preserve a work of visual art where it is, but rather to preserve the work as it is"); *see also Philips v. Pembroke Real Estate, Inc.*, 459 F.3d 128, 140-43 (1st Cir. 2006) (holding that VARA does not protect art that is site-specific, because such a protection would mean that "such objects could not be altered by the property owner absent consent of the artist," which "could dramatically affect real property interests and laws"). The type of harm Plaintiff alleges thus is not cognizable under VARA, and it could not provide him with the relief he seeks.

For these reasons, dismissal is appropriate under Rule 12(b)(6) as well.

# CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Complaint.

Dated: February 9, 2018
       New York, New York

                                      Respectfully submitted,

                                      GEOFFREY S. BERMAN
                                      United States Attorney for the
                                      Southern District of New York
                                      *Attorney for the Defendant*

By:    /s/ Rachael L. Doud
           RACHAEL L. DOUD
           Assistant United States Attorney
           86 Chambers Street, 3rd Floor
           New York, New York 10007
           Tel.: (212) 637-3274
           Fax: (212) 637-2786
           E-mail: rachael.doud@usdoj.gov